**Public Aid for Parolees of Mental Institutions**

RUTHERFORD, Deputy Attorney General, June 18, 1954.—This department is in receipt of your communication of January 14, 1954, requesting advice on the eligibility for public assistance of persons who are on leave of absence from a State mental institution.

Specifically, you present the following three questions:

1. Is a person on leave of absence or parole from a mental institution a patient in an institution as defined in the Social Security Act?

2. May the Department of Public Assistance grant assistance to persons on leave of absence or parole from a mental institution?

3. If the answer to 2 above is in the affirmative, may the person make application for assistance or must the application be made on his behalf by a guardian?

Section 6, title I, of the Social Security Act, the Act of August 14, 1935, c. 531, 49 Stat. at L. 622, as amended, 42 U. S. C. §306, defines "old-age assistance" as follows:

"For the purposes of this subchapter, the term 'old-age assistance' means money payments to, or medical care in behalf of or any type of remedial care recognized under State law in behalf of, needy individuals who are sixty-five years of age or older, but does not include any such payments to or care in behalf of any individual who is an inmate of a public institution (except as a patient in a medical institution) or any individual (a) who is a patient in an institution for tuberculosis or mental diseases, or (b) who has been diagnosed as having tuberculosis or psychosis and is a patient in a medical institution as a result thereof."

Section 1006, title X, of the Social Security Act, as amended, supra, 42 U. S. C. §1206, defines "aid to the blind" as follows:

"For the purposes of this subchapter, the term 'aid to the blind' means money payments to, or medical

care in behalf of or any type of remedial care recognized under State law in behalf of, blind individuals who are needy, but does not include any such payments to or care in behalf of any individual who is an inmate of a public institution (except as a patient in a medical institution) or any individual (a) who is a patient in an institution for tuberculosis or mental diseases, or (b) who has been diagnosed as having tuberculosis or psychosis and is a patient in a medical institution as a result thereof."

Section 1405, title XIV, of the Social Security Act, as amended, supra, 42 U. S. C. §1355, defines "aid to the permanently and totally disabled" as follows:

"For the purposes of this subchapter, the term 'aid to the permanently and totally disabled' means money payments to, or medical care in behalf of, or any type of remedial care recognized under State law in behalf of, needy individuals eighteen years of age or older who are permanently and totally disabled, but does not include any such payments to or care in behalf of any individual who is an inmate of a public institution (except as a patient in a medical institution) or any individual (a) who is a patient in an institution for tuberculosis or mental diseases, or (b) who has been diagnosed as having tuberculosis or psychosis and is a patient in a medical institution as a result thereof."

Under authority conferred in section 1102 of the Social Security Act, as amended, supra, 42 U. S. C. §1302, rules and regulations were promulgated. See Handbook of Public Assistance Administration, part IV, adopted August 7, 1953.

Section 3521.3 of the handbook defines "inmate" as follows:

"An 'inmate' of a 'public institution' is a person who is living in a public institution and plans to continue to live there, or who is in a public institution on court commitment.

"Under this definition:

"a. A person living in a public domiciliary institution is an inmate unless he has definite plans to leave the institution within the current or following month.

"b. A person attending a public educational or vocational training institution—for example, a State school for the blind—where living in the institution is incidental to the purpose of securing education or training, is not an inmate of a public institution.

"c. A person in a public institution (which is not an institution for tuberculosis or mental diseases, or is not a medical institution) temporarily—usually not over 3 months—for medical care, is not an inmate of a public institution if he is not under court commitment.

"d. A person on conditional release—for example, 'on parole,' 'on trial visit,' from a public mental hospital where he was an inmate—is not an inmate of a public institution if he is free of controls by the hospital, other than professional help or guidance relating to his mental condition."

On the basis of the Federal rule and regulation, the answer to your first question is obviously in the negative if the person is free of controls by the hospital, other than professional help or guidance relating to his mental condition.

Turning to your second question, we should note that the State Public Assistance program is administered under, and by virtue of, the Pennsylvania Public Assistance Law of June 24, 1937, P. L. 2051, as amended, 62 PS §2501 et seq.

Subsections (b), (c) and (c.1) of section 9 of the act, as amended, supra, 62 PS §2509, provide, inter alia, for eligibility for aged persons, blind persons and disabled persons.

Section 9(b) defines an aged person as one who:

". . . (1) is sixty-five years of age, or more, (2) is not, at the time of receiving assistance, an inmate of a

public institution, and (3) has not conveyed or transferred his real or personal property of the value of five hundred dollars ($500.00), or upwards, without fair consideration, within two years preceding the date of making such application."

Section 9(c) defines a blind person as one who:

". . . (1) is twenty-one years of age, or more, (2) has three-sixtieth or ten-two-hundredths, or less, normal vision, (3) is not receiving any other assistance during the period for which he is receiving assistance as a blind person, (4) is not an inmate of any prison, jail, insane asylum, or any other public reform or correctional institution. . . ."

Section 9(c.1) defines a disabled person as one who:

". . . (1) is between the ages of eighteen and sixty-four, inclusive, (2) is permanently and totally disabled, and (3) is not at the time of receiving assistance an inmate of a public institution."

Under the above quoted provisions of the Public Assistance Law, as amended, supra, a person who is an inmate of a public institution is ineligible to receive public assistance. The question arises as to whether persons who are released on leave of absence under section 611 of The Mental Health Act of June 12, 1951, P. L. 533, as amended, 50 PS §1321, are any longer inmates or residents of a mental institution.

Section 611 of The Mental Health Act of June 12, 1951, P. L. 533, as amended, supra, 50 PS §1321, provides for leave of absence as follows:

"(a) The superintendent of any institution, in his discretion, may allow a leave of absence to any patient whose condition is such as to warrant the action, for a period not exceeding twelve months, and upon such conditions as he may prescribe not inconsistent with the provisions for discharge of patients as provided in this act.

"(b) Leaves of absence may be terminated by the superintendent who may, if necessary, authorize the

apprehension and return of the patient by any sheriff, constable or police officer, who shall apprehend and return the patient.

"(c) The superintendent of any institution, upon medical revaluation, may extend such leave of absence annually, not to exceed a total continuous absence of thirty-six months, if he finds, prior to the expiration of each allowance, that the welfare of the patient warrants such action.

"(d) The limitations of this section shall not apply to mental defectives or epileptics who may be allowed indefinite leave of absence."

Section 616 of The Mental Health Act of June 12, 1951, P. L. 533, as amended, supra, 50 PS §1341, provides for boarding out of patients as follows:

"(a) The superintendent and the board of trustees of any State institution may, by contract or otherwise, arrange for the *boarding out* of committed patients who have no criminal, suicidal or homicidal tendencies, who are not addicted to the use of alcohol or narcotics, and who, in the opinion of the superintendent and board of trustees, may be otherwise suitable. Such arrangements shall be made only with the approval of and subject to regulations prescribed by the department.

"(b) *Such patients shall be considered remaining inmates of the State institution and shall be considered as on leave of absence, subject to return should the condition of the patient or other circumstances, in the opinion of the superintendent and the trustees, make such return necessary.*

"(c) Subject to the approval of the department, patients, if physically and mentally able, may earn the cost of their maintenance or a portion thereof by engaging in suitable employment." (Italics supplied.)

The Mental Health Act of 1951 thus provides two different methods of dealing with patients outside a mental institution:

1. The superintendent of the mental institution may, by contract or otherwise, board patients out: Section 616.

2. The superintendent may grant a leave of absence to a patient: Section 611.

The Mental Health Act of 1951 places responsibility for patients committed to State mental institutions on the Department of Welfare. The responsibility of the Department of Welfare extends to patients while within the mental institution except that patients themselves and legally responsible relatives, if financially able, or the county in some instances, must bear the cost of the care of patients.

Thus, the Department of Welfare has responsibility for those patients who are within the mental institution or are "boarding out" patients. Section 616 of The Mental Health Act of 1951, as amended, supra, expressly provides that these "boarding out" patients remain "inmates" of the State institution. There is no such provision in section 611 of The Mental Health Act of 1951 for those patients who are outside the institution on leave of absence and, therefore, the responsibility of the Department of Welfare does not extend to such patients who are outside the mental institution on leaves of absence under section 611.

Under said section 611, the leave of absence of a patient may be for a period of 12 months which may be extended by the superintendent to 36 months. The superintendent may impose certain conditions or may terminate a leave of absence. These are the only restrictions on the freedom of the former patient.

Provisions for discharge are provided for in sections 603, 604 and 605 of The Mental Health Act of 1951, supra.

"Inmate" is defined in Webster's New International Dictionary, second ed., unabridged, as:

"2. One of a family or community occupying a single dwelling or home; as, the inmates of a private house;

. . . now esp., one confined or kept in an institution such as an asylum, prison, or poorhouse."

Black's Law Dictionary, deluxe ed., defines "inmate" as:

"A person who lodges or dwells in the same house with another, occupying different rooms, but using the same door for passing in and out of the house."

These definitions all stress that an inmate is physically within a dwelling, institution, etc.

Though the superintendent of a mental institution has certain limited controls over persons released on leave of absence, under the above definitions and in the words of the Federal regulation, a person on conditional release or leave of absence from a public mental institution is not an inmate of a public institution within the intent and meaning of the Public Assistance Law.

It should be further noted in this connection that under the Public Assistance Law the Department of Public Assistance has responsibilities for rehabilitation of persons who need relief from suffering and distress arising from handicaps and infirmities.

Section 4(k) of the Public Assistance Law, as amended, supra, 62 PS §2504, provides for the relief of suffering and distress arising from handicaps and infirmities, as follows:

"(k) To take measures not inconsistent with the purposes of this act and, with the approval of the State Board of Public Assistance when other funds or facilities for such purposes are inadequate or unavailable, to provide for special needs of individuals eligible for assistance, to relieve suffering and distress arising from handicaps and infirmities, to promote their rehabilitation, to help them if possible to become self dependent and to cooperate to the fullest extent with other public agencies empowered by law to provide vocational training, rehabilitative or similar services."

There is nothing in the Public Assistance Law prohibiting the giving of assistance to persons on leave of absence from mental institutions. The purpose of the leave of absence is to afford to the former inmate of a mental institution a continuation of the therapeutic treatment looking toward the complete rehabilitation and self-sufficiency of the former patient, who returns home. It is a progressive humanitarian movement to aid patients to resume normal and active lives with a consequent reduction in the high costs of public institutional care and, as such, in the absence of express prohibition, should have the full support of those departments of the Commonwealth which by law have the responsibility of treatment, cure and rehabilitation of the mentally ill.

From the above, it is clear that the answer to your second question is in the affirmative, namely, that the Department of Public Assistance may grant assistance to persons on leave of absence or parole from a mental institution.

We turn now to a consideration of your third question. It should first be noted that commitment to a mental institution does not, of itself, constitute an adjudication of incompetency and, in the absence of an adjudication of incompetency, a person may make his own application for assistance. If a person has been adjudicated incompetent and a guardian appointed, then the application should be made on the person's behalf by the duly appointed guardian.

It is our opinion, therefore, and you are accordingly advised:

1. A person on leave of absence or parole from a mental institution is not a patient (inmate) of an institution as defined in the Social Security Act of August 14, 1935, c. 531, 49 Stat. at L. 620, as amended, 42 U. S. C. §301 et seq.

2. The Department of Public Assistance, under the Public Assistance Law of June 24, 1937, P. L. 2051, as

amended, 62 PS §2501 et seq., may grant assistance to persons on leave of absence or parole from a mental institution under section 611 of The Mental Health Act of June 12, 1951, P. L. 533, as amended, 50 PS §1321.

3. A person may make his own application for assistance unless and until he has been adjudicated incompetent and a guardian appointed, in which event the application should be made on the person's behalf by the duly appointed guardian.